FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

HASAN PEARSON
  a/k/a "Julio"
  a/k/a "Hoov"
SALIK STEVENS
  a/k/a "Carlito"
  a/k/a "Dough"
WILLIAM JONES
  a/k/a "Book"
DOMINIC MATTHEWS
  a/k/a "Gargamel"
LADARIUS OGLESBY
  a/k/a "Hitta"
NABORIS LAMPKIN
  a/k/a "Beezy"
JEMININE POE
PRINCE GRANT
JOHN EVIT BROWN
JUSTIN LEE MARTIN
DALYSHIA DEXTER

CASE NO. 8:17-cr-507-T27-AEP
21 U.S.C. § 846
21 U.S.C. § 841



SEALED

### SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but not later than or around March 2016, and continuing through on or about August 30, 2017, in the Middle District of Florida, and elsewhere, the defendants,

HASAN PEARSON, a/k/a "Julio," a/k/a "Hoov,"
SALIK STEVENS, a/k/a "Carlito," a/k/a "Dough,"
WILLIAM JONES, a/k/a "Book,"
DOMINIC MATTHEWS, a/k/a "Gargamel,"
LADARIUS OGLESBY, a/k/a "Hitta"
NABORIS LAMPKIN, a/k/a "Beezy," and
JEMININE POE,
PRINCE GRANT,
JOHN EVIT BROWN,
JUSTIN LEE MARTIN, and
DALYSHIA DEXTER,

did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute controlled substances, the use of which resulted in the deaths of T.C., D.K., Y.C., and J.A. from such substance, and the serious bodily injury of H.C. from such substance; which violation involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; four-hundred grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; and one-hundred grams or more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(i), (vi), and (b)(1)(C).

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about February 7, 2017, in the Middle District of Florida, the defendant,

PRINCE GRANT,

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, the use of which resulted in the death of D.K. from such substance, which violation involved a quantity of a mixture and substance containing detectable amounts of furanyl fentanyl and heroin, Schedule I controlled substances, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT THREE

On or about February 10, 2017, in the Middle District of Florida, the defendant,

PRINCE GRANT,

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, which violation involved a quantity of a mixture and substance containing detectable amounts of furanyl fentanyl and heroin, Schedule I controlled substances, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT FOUR

On or about March 22, 2017, in the Middle District of Florida, the defendants,

LADARIUS OGLESBY, a/k/a "Hitta," and
NABORIS LAMPKIN, a/k/a "Beezy,"

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, the use of which resulted in the death of Y.C. and serious bodily injury of H.C. from such substance, which violation involved a quantity of a mixture and substance containing a detectable amount of carfentanil, Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT FIVE

On or about April 2, 2017, in the Middle District of Florida, the defendant,

LADARIUS OGLESBY, a/k/a "Hitta,"

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, the use of which resulted in the death of J.A. from such substance, which violation involved a quantity of a mixture and substance containing a detectable amount of furanyl fentanyl, Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

On or about April 5, 2017, in the Middle District of Florida, the defendants,

>LADARIUS OGLESBY, a/k/a "Hitta," and
>NABORIS LAMPKIN, a/k/a "Beezy,"

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, which violation involved a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT SEVEN

On or about August 8, 2017, in the Middle District of Florida, the defendants,

>HASAN PEARSON, a/k/a "Julio," a/k/a "Hoov,"
>SALIK STEVENS, a/k/a "Carlito," a/k/a "Dough," and
>JEMININE POE,

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, which violation involved a quantity a of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a

Schedule II controlled substance; and a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

### COUNT EIGHT

On or about August 24, 2017, in the Middle District of Florida, the defendants,

> HASAN PEARSON, a/k/a "Julio," a/k/a "Hoov,"
> WILLIAM JONES, a/k/a "Book," and
> DOMINIC MATTHEWS, a/k/a "Gargamel,"

did knowingly and intentionally possess with the intent to distribute and did distribute a controlled substance, which violation involved a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; and a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

## COUNT NINE

On or about August 30, 2017, in the Middle District of Florida, the defendant,

HASAN PEARSON, a/k/a "Julio," a/k/a "Hoov,"

did knowingly and intentionally possess with the intent to distribute a controlled substance, which violation involved one-hundred grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; forty grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; and ten grams or more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(B)(i), (vi).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).

## COUNT TEN

On or about August 30, 2017, in the Middle District of Florida, the defendants,

SALIK STEVENS, a/k/a "Carlito," a/k/a "Dough,"
JOHN EVIT BROWN, and
JUSTIN LEE MARTIN,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which violation involved a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; and a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(a)(1), (b)(1)(C).

In violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

## **FORFEITURES**

1.  The allegations contained in Counts One through Ten of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under 21 U.S.C. § 853.

2.  Upon conviction of the violations alleged in this Second Superseding Indictment, punishable by imprisonment for more than one year, the defendants,

>   HASAN PEARSON, a/k/a "Julio," a/k/a "Hoov,"
>   SALIK STEVENS, a/k/a "Carlito," a/k/a "Dough,"
>   WILLIAM JONES, a/k/a "Book,"
>   DOMINIC MATTHEWS, a/k/a "Gargamel,"
>   LADARIUS OGLESBY, a/k/a "Hitta"
>   NABORIS LAMPKIN, a/k/a "Beezy," and
>   JEMININE POE,
>   PRINCE GRANT,

8

JOHN EVIT BROWN,
JUSTIN LEE MARTIN, and
DALYSHIA DEXTER,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, and derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and property used and intended to be used, in any manner or part, to commit, and to facilitate the commission of such violations.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Daniel M. Baeza
Assistant United States Attorney

By: _____
Stacie B. Harris
Assistant United States Attorney
Chief Major Crimes Section

# UNITED STATES DISTRICT COURT
Middle District of Florida  
Tampa Division

THE UNITED STATES OF AMERICA

vs.

HASAN PEARSON   a/k/a "Julio"   a/k/a "Hoov"  
WILLIAM JONES   a/k/a "Book"  
DOMINIC MATTHEWS   a/k/a "Gargamel"  
SALIK STEVENS   a/k/a "Carlito"   a/k/a "Dough"  
LADARIUS OGLESBY   a/k/a "Hitta"  
NABORIS LAMPKIN   a/k/a "Beezy"  
JEMININE POE  
PRINCE GRANT  
JOHN EVIT BROWN  
JUSTIN LEE MARTIN  
DALYSHIA DEXTER

**SECOND SUPERSEDING INDICTMENT**

Violations:  21 U.S.C. § 846  
                    21 U.S.C. § 841

A true bill,

_____  
Foreperson

Filed in open court this 27th day of February, 2018.

_____  
Clerk

Bail $_____

GPO 863 525